UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER STAWARZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01393 |
| v. | (SAPORITO, M.J.) |
| CO WEBB, et al., | |
| Defendants. | |

## ORDER

Before the court is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 26.) By this motion, the defendant seeks judgment as a matter of law on all of the plaintiff's claims. The motion is fully briefed and ripe for decision.

This is a federal civil rights action brought by a convicted prisoner, Walter Stawarz, against one of his jailers, Sergeant Webb. In his four-count, counseled complaint, the plaintiff asserts a § 1983 damages claim for the use of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment, and three related state-law tort claims, all arising out of an incident that occurred on March 3, 2020, at SCI Smithfield, a state prison located in Huntingdon County, Pennsylvania, where Stawarz is incarcerated.

With respect to the plaintiff's state-law claims, the defendant argued that he was entitled to summary judgment because, as a state employee, he is entitled to sovereign immunity. *See generally* 1 Pa. Cons. Stat. Ann. § 2310; *Farmer v. Decker*, 353 F. Supp. 3d 342, 350 (M.D. Pa. 2018). In his opposition papers, the plaintiff has conceded that these claims are barred by sovereign immunity, and he has expressed his consent to dismissal of these claims. Accordingly, we will grant summary judgment in favor of the defendant and against the plaintiff with respect to the plaintiff's state-law tort claims, set forth in Counts II, III, and IV of the complaint.

The plaintiff's § 1983 excessive force claim remains in play. Very few of the material facts are disputed. In addition to the defendant's statement of material facts and the plaintiff's response, the record includes deposition testimony, a video recording, and other documentary evidence related to the use-of-force incident.

On March 3, 2020, due to his destruction of prison property, Stawarz had been placed in an Intermediate Restraint System ("IRS")

belt.[1] Stawarz had complied with instructions as correctional staff placed the IRS belt on him, but he had verbally implied to Webb that he would remove the belt, presumably destroying it in the process.[2] After several warnings to Stawarz that OC spray[3] would be deployed if he did not stop messing with the IRS belt, Webb administered a burst of OC spray into the cell. At the time, Stawarz was locked in a cell by himself, he was restrained by the IRS belt, and he presented no threat to himself, to staff, or to other inmates. Stawarz was then removed from his cell, examined

---

[1] Based on deposition testimony, a video recording, and photographs submitted into the record, the IRS belt appears to be a heavy duty fabric belt with a fixed metal ring at the front, to which the inmate's hands are shackled and to which a tether is connected.

[2] The defendant contends that Stawarz attempted to damage and remove the belt by rubbing the belt's metal ring against the feeding aperture of his cell door, and later against the metal sink in his cell. Stawarz testified that he did nothing at all. A handheld video recording depicts Stawarz at his cell door, and later by the sink, but the recording does not clearly depict the alleged destructive behavior. The defendant contends that "metal on metal grinding" can be heard on the recording, but the recording includes significant background noise, leaving a great deal of room for interpretation. It is undisputed, however, that: Stawarz asked Webb "are you going to waste the belt?"; Webb repeatedly ordered Stawarz to "not mess with the belt"; and Stawarz repeatedly replied that "it's coming off."

[3] "OC spray, commonly known as pepper spray, is a nonlethal aerosol used to blind and incapacitate temporarily in order to subdue a subject for arrest." *Lewis v. City of Union City*, 934 F.3d 1169, 1173 n.1 (11th Cir. 2019); *see also Park v. Shiflett*, 250 F.3d 843, 849 (4th Cir. 2001) (describing the physiological effects of OC spray).

by medical personnel and cleared to remain in the IRS belt, placed back into the IRS belt, and returned to his cell after it was cleaned and decontaminated. Later that evening, Stawarz destroyed the belt by cutting it on the bottom of a stool.

Based on the evidence of record, viewed in the light most favorable to the non-moving plaintiff, we are unable to conclude that no reasonable jury could find that Webb did not use force in a good-faith effort to maintain or restore discipline, or that he used it maliciously and sadistically to cause harm. Thus, we find the defendant is not entitled to summary judgment on the merits of the plaintiff's § 1983 excessive force claim, set forth in Count I of the complaint.

The defendant also interposes an affirmative defense of qualified immunity. A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two *Saucier* prongs should be addressed first). In the Third Circuit, it is the party asserting the affirmative defense of qualified immunity who

bears the burden of persuasion. *Halsey v. Pfeiffer*, 750 F.3d 273, 288 (3d Cir. 2014).

For the reasons stated above, we find that a genuine dispute of material fact precludes summary judgment in the defendant's favor with respect to the first prong. *See Giles v. Kearney*, 571 F.3d 318, 325–26 (3d Cir. 2009).

Moreover, at the time of this incident in March 2020, it was clearly established that the use of gratuitous force, including OC spray, on a restrained or non-resisting inmate amounts to a violation of the Eighth Amendment. *See, e.g., Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (holding that it had been clearly established for more than a decade that it was a violation of the Eighth Amendment to use mace, tear gas, pepper spray, or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain); *Sledge v. Martin*, 2023 WL 2332464, at *7 (W.D. Pa. Mar. 2, 2023) (finding that, prior to January 2020, "a robust consensus of persuasive precedent existed to place [a correctional officer] on notice that deploying OC spray on a physically contained inmate who was complying with instructions and posing no threat to the officer was unlawful"); *cf. Giles*, 571 F.3d at 326 (holding

that in 2001 it was clearly established that a correctional officer may not use gratuitous force against an inmate who had been subdued). It is undisputed that Stawarz was restrained by an IRS belt (and isolated alone in a locked cell) at the time when Webb deployed OC spray, and there remains a genuine dispute of material fact with respect to whether Stawarz was resisting or complying with instructions at the time.

Thus, we find the defendant is not entitled to summary judgment on qualified immunity grounds with respect to the plaintiff's § 1983 excessive force claim, set forth in Count I of the complaint.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The defendants' motion for summary judgment (Doc. 26) is **GRANTED in part and DENIED in part**—the motion is **GRANTED** with respect to the plaintiff's state-law tort claims, set forth in Counts II, III, and IV of the complaint, and it is **DENIED** with respect to the plaintiff's § 1983 excessive force claim, set forth in Count I of the complaint;

2. The clerk is directed to enter **JUDGMENT** in favor of the defendant and against the plaintiff with respect to Counts II, III, and IV of the complaint, asserting state-law tort claims for intentional infliction of emotional distress, assault, and battery; and

3. The plaintiff's § 1983 excessive force claim, set forth in Count I of the complaint, shall be set down for a jury trial.

Dated: September 28, 2023                   *s/Joseph F. Saporito, Jr.*
                                            JOSEPH F. SAPORITO, JR.
                                            United States Magistrate Judge