## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER STAWARZ,** | : | **CIVIL NO. 3:21-CV-1393** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SGT. WEBB, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Factual Background

The above-captioned *pro se*[1] prisoner civil rights case was referred to the undersigned in August of 2024 after Chief Magistrate Judge Saporito was appointed to the district court bench. It is anticipated that, once a successor magistrate judge is chosen to replace Chief Magistrate Judge Saporito the case will be transferred to that newly appointed magistrate judge.

In the meanwhile, as we have temporarily overseen this litigation, we requested and received proposed case management plans from the parties in this case. (Docs. 99, 101). These submissions appeared to agree on the necessity of trial

---

[1] We note that the plaintiff initially proceeded with the benefit of counsel. However, after a proposed settlement between the parties collapsed, Stawarz's counsel withdrew. Therefore, Stawarz is now representing himself in this lawsuit.

scheduling, a task we will leave to the judge who will ultimately assume responsibility for this case.

The parties' submissions, though, also raised questions concerning the status of various John Doe defendants who were listed in the complaint, but apparently have never been identified in the course of discovery, which is now closed. Given this backdrop on March 24, 2025, we ordered the parties to submit briefs by April 14, 2025, regarding whether the John Doe defendants should now be dismissed. (Doc. 102). The defendants have complied with this order (Doc. 103); Stawarz has not. Therefore, this issue is now deemed ripe for resolution.

For the reasons set forth below the John Doe defendants will be dismissed.

## II.    <u>Discussion</u>

The treatment of unidentified John Doe defendants in civil litigation is governed by the Court of Appeals' guidance that:

> Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. <u>See Klingler v. Yamaha Motor Corp., U.S.A.</u>, 738 F.Supp. 898, 910 (E.D.Pa.1990). If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed. <u>See Scheetz v. Morning Call, Inc.</u>, 130 F.R.D. 34, 37 (E.D.Pa.1990) ("Fictitious parties must eventually be dismissed ... if discovery yields no identities.").

<u>Blakeslee v. Clinton Cnty.</u>, 336 F. App'x 248, 250 (3d Cir. 2009).

In the instant case, ten John Doe defendants remain in the caption of the case. Discovery has long been closed and to date none of these defendants have been

identified by name. Since it appears that reasonable discovery has not unveiled the proper identities of the John Doe defendants, these defendants will be dismissed.

An appropriate order follows.

**III.  Order**

AND NOW this 15th day of April 2025, IT IS ORDERED as follows:

First, the John Doe defendants named in the complaint are DISMISSED.

Second, further proceedings in this case are STAYED in order to permit the newly appointed magistrate judge who will be assigned to this case to schedule the trial of the case at a time and place that is convenient for all parties and witnesses.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge