## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER STAWARZ, | |
| Plaintiff, | CIVIL NO. 3:21-CV-01393 |
| v. | |
| SGT. WEBB, | (Magistrate Judge Latella) |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

Presently before the Court is a request by Plaintiff that we reconsider the Court's previous Order dismissing ten John Doe defendants.[1] (Doc. 107). For the reasons set forth herein, Plaintiff's motion will be denied.

## I.    PROCEDURAL HISTORY

On February 10, 2021, Plaintiff, Walter Stawarz ("Stawarz"), initiated this action by filing a Complaint in the Western District of

---

[1] As discussed in more detail *infra*, in an Order dated April 21, 2025, the Court informed Plaintiff that if he wished "to challenge the dismissal of the John Doe defendants, he must file a motion to reconsider and accompanying brief." (Doc. 106). We therefore construe Plaintiff's "Brief in Support of Identifying John Does" as a motion for reconsideration of the Court's April 15, 2025 Order dismissing the John Doe defendants.

Pennsylvania.  (Doc. 1).  In his Complaint, he named as Defendants

Sergeant Webb and John Does 1-10 and asserted four counts: (I) a

Section 1983 damages claim based upon excessive use of force; (II)

intentional infliction of emotional distress; (III) assault; and (IV)

battery.  (*Id*.).  On April 14, 2021, the Court entered a Memorandum

and Order approving a stipulation entered into by the parties to

transfer the matter to the Middle District of Pennsylvania.  (Doc. 7).

The case was transferred to the Middle District on August 10, 2025.

(Doc. 8).  The parties consented to have a magistrate judge conduct all

proceedings.[2]

On October 19, 2022, Defendant Webb moved for summary

judgment.  (Doc. 26).  Webb argued that as a state employee, he was

entitled to sovereign immunity as to Plaintiff's state-law claims of

---

[2] The case was later transferred to the undersigned magistrate judge.
On June 17, 2025, we provided notice of our intent to continue to
exercise the jurisdiction previously consented to by the parties, absent
any express objection by either party.  (Doc. 109).  On July 14, 2025,
Plaintiff filed an "Objection to Jurisdiction," asserting that he objected
to a bench trial and requesting a jury trial.  (Doc. 110).  On August 4,
2025, District Court Judge Joseph F. Saporito overruled Plaintiff's
objection and referred the matter back to the undersigned to conduct all
proceedings, including a jury or nonjury trial and entry of judgment.
(Doc. 112).

intentional infliction of emotional distress, assault, and battery.  (*See* Doc. 35 at 2).  Conceding that those claims were barred by sovereign immunity, Plaintiff consented to their dismissal.  (*Id*.).  Accordingly, the Court granted summary judgment in Webb's favor with respect to Counts II-IV.  (*Id*.).  The Court, however, denied Webb's motion for summary judgment with respect to Count I, his Section 1983 claim of excessive force.  (*Id*. at 35).

On March 24, 2024, the Court directed the parties to submit briefs regarding whether the John Doe Defendants should be dismissed.  (Doc. 102).  In accordance with that Order, Defendant Webb filed a brief on April 14, 2025, arguing that the John Doe Defendants should be dismissed from the case.  (Doc. 103).  Plaintiff did not file a brief.  On April 15, 2025, the Court entered a Memorandum and Order dismissing the John Doe defendants.  (Doc. 104).  On April 17, 2025, Plaintiff filed a "Motion for Extension of Time" (Doc. 105), which the Court construed as a Motion for an extension of time to respond to the Court's March 24, 2025 Order.  (Doc. 106).  The Court granted, in part, this request, notifying Plaintiff that if he wished to challenge the dismissal of the John Doe Defendants, he must file a motion to reconsider and an

accompanying brief.  (Doc. 106).  Plaintiff filed a "Brief in Support of

Identifying John Does" on June 2, 2025.  (Doc. 107).  Defendant Webb

filed a "Brief in Opposition to Reconsideration" on June 16, 2025.  (Doc.

108).  The matter is ripe for resolution.

## III.  LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence."  *Max's*

*Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.

1985)).  This has been characterized as a "stringent" standard, given the

"strong interest" of federal courts in the finality of judgments.  *See Leon*

*v. U.S.*, 3:CV-07-0551, 2007 WL 1521203 (M.D. Pa. May 22, 2007)

(citing *Continental Casualty Co. v. Diversified Indus., Inc.,* 884 F. Supp.

937, 943 (E.D. Pa. 1995); *see also Armstrong v. Reisman,* No. 99–CV–

4188, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000)).  Thus, a party

seeking reconsideration must demonstrate at least one of the following

grounds: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court

entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café,* 176 F.3d at 677.

## IV. DISCUSSION

In response to the Court's March 24, 2025 Order to submit briefs by April 14, 2025 regarding whether the John Doe defendants should be dismissed (Doc. 102), Defendant Webb argued that dismissal of the John Doe defendants was appropriate because they have not been identified following discovery.  (Doc. 103).  Webb noted that the case commenced on February 10, 2021 and discovery concluded on September 19, 2022, following multiple extensions.  (*Id.* at 3). Defendant argued that where "the plaintiff does not identify the Doe defendants after adequate time for discovery, the court may dismiss the Doe defendants pursuant to Fed. R. Civ. P. 21."  (*Id.* at 4) (quoting *Evans v. Columbia Cnty.*, 711 F. Supp. 3d 256, 316 (M.D. Pa. 2024)). Defendant Webb alternatively argued that if the Court was inclined to permit additional time for discovery for Plaintiff to identify the John Doe defendants, they should be severed from the case as they are improperly joined.  (Doc. 103).   Webb argues that Plaintiff's Complaint includes two separate transactions or occurrences: (1) Plaintiff's

allegation that Webb improperly and without justification used OC spray on him on March 3, 2020; (2) his allegation that the John Doe defendants subjected him to secondhand exposure to OC spray over the course of months between June and October 2020.  (Doc. 103 at 5). Webb argues that because those two occurrences are separate and distinct both factually and legally, the claims against the John Doe defendants should be severed, "[t]o the extent this Court believes additional discovery is warranted for Plaintiff to identify the John Does." (*Id*. at 6-7).

Plaintiff did not file a brief in response to the Court's March 24, 2025 Order.  The Court then entered an Order on April 15, 2025 dismissing the John Doe defendants.  (Doc. 104).  The Court cited Third Circuit guidance that "[i]f reasonable discovery does not unveil the proper identities . . . John Doe defendants must be dismissed." (*Id*. at 2) (quoting *Blakeslee v. Clinton Cnty*., 336 F. App'x 248, 250 (3d Cir. 2009) (internal citation omitted)).  The Court noted that because it appeared that discovery did not unveil the proper identities of the John Doe defendants, the defendants would be dismissed.  (*Id*. at 3).

On April 17, 2025, Plaintiff filed a letter to the docket requesting "an extension or continuance to provide the information that was requested from [him] by the court." (Doc. 105). Plaintiff stated he had "only now become aware of the fact that information was requested as a family member notified [him] after trying to pull up information for the case online at [his] request." (*Id.*). He claimed that he has not been given his legal mail and so, he could not "see what the request is or respond to it." (*Id.*).

Magistrate Judge Carlson construed this as a motion for an extension of time to respond to his March 24, 2025 Order. (*See* Doc. 106 at 2). Magistrate Judge Carlson granted the motion, in part, stating, if "Stawarz wishes to challenge the dismissal of the John Doe defendants he must file a motion to reconsider and accompanying brief on or before May 23, 2025." (*Id.*).

Plaintiff then filed a "Brief in Support of Identifying John Does," for the first time, identifying ten additional proposed defendants. (Doc. 107 at 3). He alleges those defendants are: Officer Fultz, Officer Fleck, Officer Clouser, Officer Beaver, Officer Bickert, Officer Frock, Officer Bowes, Sgt. Maconoughey, Lt. Wiser, and Sgt. Shope. (*Id.* at 3).

Plaintiff claimed that he only learned that the John Doe defendants must be identified in the April 21, 2025 Memorandum and Order. (*Id*. at 1).

Plaintiff claims that the John Doe defendants sprayed him directly and indirectly. (Doc. 107 at 2). As an example, he cites Officer Bowes, noting that Officer Bowes sprayed Plaintiff with OC while Plaintiff was pacing in his cell with his hands behind his back. (*Id*.). He alleges that this incident was captured on camera. (*Id*.).

Plaintiff alleges that "grievances have been completed for all of the John Doe defendants satisfying the PLRA," with the exception of Officer Bowes. (*Id*. at 3-4). Plaintiff alleges that SCI Smithfield Superintendent Wakefield refused to accept Plaintiff's appeal, claiming that it was untimely. (*Id*. at 4). However, Plaintiff maintains that based upon the dates of the documents, the Superintendent's claim could not have been correct, and in any event, he was transferred to another facility "around that time," and so, should have been granted an extension for an appeal. (*Id*.). Plaintiff attaches to his submission the initial response to Grievance Number 888382, alleging that Officer Bowes assaulted Stawarz with OC on September 1, 2020. (Doc. 107-1 at

4).  He also attaches Superintendent Wakefield's response to his grievance appeal, which states, "[t]he records reflects that grievance #888382 was completed and sent on 11/2/20.  No extension will be granted for you to appeal it."  (Doc. 107-1 at 3).

Plaintiff alleges that his previous counsel has the original copies of the grievances and responses and has not returned his case file, notwithstanding the Court's order that the firm return the case file to Plaintiff.  (*Id*. at 3).

Defendant Webb filed a "Brief in Opposition to Reconsideration" on June 16, 2025, arguing that the Court should deny Plaintiff's motion for reconsideration because "Plaintiff's purported identification of the John Does does not relate back to the Complaint" and because Plaintiff brings separate and distinct claims against the John Doe defendants. (Doc. 108 at 4).

## A. Reconsideration of Dismissal of John Doe Defendants is not Warranted.

Plaintiff failed to timely identify the John Doe defendants and amend his Complaint and he has failed to satisfy the standard for reconsideration of the Court's dismissal of those defendants.

9

Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. *Blakeslee v. Clinton County*, 336 F. App'x at 250. If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed. *Id*. The use of John Doe defendants should not be used where a plaintiff is aware of the identity of the defendant at the time he or she commences suit. *See Cruz v. City of Camden*, 898 F. Supp. 1100, 1115, n.18 (D.N.J. 1995) ("Implicit in the use of the John Doe practice is the knowledge that someone caused the plaintiff injury, but that plaintiff can not be properly identified.")

This case was filed on February 10, 2021. (Doc. 1). At the time the Complaint was filed, Plaintiff was represented by counsel. (*See id*.). The deadline for discovery was extended multiple times. (Docs. 19, 22, 91). Ultimately, discovery concluded on February 21, 2025. (Doc. 91). Plaintiff was represented by counsel through September 17, 2024, when the Court granted a motion for his counsel to withdraw. (Doc. 90). Thus, Plaintiff had over four years of discovery during which he could have attempted to identify the John Doe defendants. He was counseled

for more than three years of the discovery period.  No effort was made
to amend the complaint to replace the John Doe defendants.

Plaintiff did not argue that any of the bases for reconsideration
are present here.  (*See* Doc. 107).  Plaintiff does not argue that there
was an intervening change in the controlling law or that new evidence
is available now that was not available when the court entered
judgment,[3] nor does he argue that reconsideration is necessary to
correct a clear error or law or fact or to prevent manifest injustice.  *See*
*Max's Seafood Café*, 176 F.3d at 677.  In fact, Plaintiff provides us with

---

[3] While Plaintiff purports to provide the identities of the ten John Doe
defendants in his "Brief in Support of Identifying John Does," he does
not assert that he learned of the identities after the Court's April 15,
2025 Order.  (*See* Doc. 107).  Nor does he provide any explanation as to
why he delayed so long in identifying them and failed to take any action
to amend his pleading, naming them as Defendants.  (*See id.*).  "The
purpose of reconsideration is to correct manifest errors of law or fact or
to present *newly discovered evidence*."  *Harsco Corp*, 779 F.2d at 909 (3d
Cir. 1985) (emphasis added).  It is not an opportunity for a party to
present previously available evidence.  *Federico v. Charterers Mut.*
*Assur. Ass'n Ltd.*, 158 F. Supp.2d 565, 577 (3d Cir. 2001) (emphasis
added).  Based upon Plaintiff's submission we do not construe the
identities of the John Doe defendants to be "newly discovered evidence."
(*See, e.g.*, Doc. 107 at 4 noting that grievances and appeals have been
exhausted for all but one of the proposed, newly identified defendants,
strongly suggesting Plaintiff did not just learn of these identities).

no argument as to why reconsideration is warranted here.  Accordingly,
we will not reconsider the dismissal of the John Doe defendants.

## B. Amendment Would be Futile.

Even if the Court were inclined to grant Plaintiff's motion for
reconsideration, amendment would be futile, as Plaintiff's claims
against the newly named Defendants would be barred by the applicable
statute of limitations.  Plaintiff provides no argument as to why the
amendment would not be barred by the statute of limitations.  (*See* Doc.
107).  Mindful of our obligation to liberally construe Stawarz's filing as
as he is a *pro se litigant*,[4] however, we consider whether Plaintiff would
be able to overcome the statute of limitations through Rule 15(c).  *See
Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff brought his Complaint pursuant to 28 U.S.C. § 1983.
Claims brought pursuant to Section 1983 are subject to state statutes of
limitations governing personal injury actions.  *Owens v. Okure*, 488 U.S.
235, 249-50 (1989); *Sameric Corp. of Del., Inc. v. City of Philadelphia*,
142 F.3d 582, 599 (3d Cir. 1998).  The Pennsylvania statute of

---

[4] Again, however, we note that for more than three years during this
litigation, Stawarz was not proceeding *pro se,* but rather was
represented by counsel.

limitations for personal injury actions applicable here is two years. 42

Pa. Cons. Stat. Ann. § 5524(7) (West Supp. 2003). The naming of a

John Doe defendant does not stop the statute of limitations from

running or toll the limitations as to that defendant. *Talbert v. Kelly*,

799 F.2d 62, 66 n.1 (3d Cir. 1986). Rather, replacing the John Doe with

a party's real name amounts to the changing of a party of the naming of

a party under Rule 15(c) and so, if a party amends a complaint to

change the name of John Doe defendants to specific parties, the

amended complaint will only relate back if the three conditions

specified in Rule 15(c) are satisfied. *Garvin v. City of Philadelphia*, 345

F.3d 215, 220 (3d Cir. 2003) (citing *Varlack v. SWC Caribbean, Inc.*, 550

F.2d 171, 174 (3d Cir. 1977)). Rule 15(c) provides, in relevant part:

(c) **Relation back of Amendments**. An amendment of a

pleading relates back to the date of the original pleading when . . .

> (2) the claim or defense asserted in the amended
> pleading arose out of the conduct, transaction, or
> occurrence set forth or attempted to be set forth
> in the original pleading, or
> (3) the amendment changes the party or the
> naming of the party against whom a claim is
> asserted if the foregoing provision (2) is satisfied
> and, within the period provided by Rule 4(m) for
> service of the summons and complaint, the party
> to be brought in by amendment (A) has received

> such notice of the institution of the action that
> the party will not be prejudiced in maintaining a
> defense on the merits, and (B) knew or should
> have known that, but for a mistake concerning
> the identity of the proper party, the action would
> have been brought against the party.

Fed. R. Civ. P. 15(c). The parties to be brought in by amendment must

have received notice of the institution of the action within 90 days

following the filing of the action, the period provided for service of the

complaint by Rule 4(m) of the Federal Rules of Civil Procedure. *Garvin*,

354 F.3d at 220. If the amendment relates back to the date of the filing

of the original complaint, the amended complaint is treated, for statute

of limitations purposes, as if it had been filed at that time. *Singletary v.*

*Pennsylvania Dep't of Corrections*, 266 F.3d 186, 189 (3d Cir. 2001).

In order to change "the party or the naming of the party against

whom . . . claim[s] [are] asserted," both Rule 15(c)(2) and 15(c)(3) must

be satisfied. *Garvin*, 354 F.3d at 220. Therefore, a plaintiff must show

that: (1) the claim or defense set forth in the amended pleading arose

out of the conduct, transaction or occurrence set forth in the original

pleading; (2) within the time period provided in Rule 4(m), the party or

parties to be added received notice of the institution of the suit and

would not be prejudiced in maintaining a defense; and (3) the party

14

sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action. *Id.* at 222. Importantly, "an amended complaint will not relate back of the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at the time." *Garvin v. City of Philadelphia*, 354 F.3d 215. 221 (3d Cir. 2003).

With respect to the first requirement for relation back, it is difficult to determine whether Plaintiff's claims against the newly identified defendants arose out of the conduct, transaction or occurrence set forth in the original pleading, because we have not been provided with a draft amended complaint. Additionally, Plaintiff has not detailed any conduct of the newly identified proposed defendants other than Officer Bowes. While Defendant Webb argues that Plaintiff's claims against Officer Bowes do not arise out of the conduct, transactions, or occurrences set forth in Plaintiff's original Complaint (Doc. 108 at 8), we need not parse that argument. Plaintiff's claim against Officer Bowes would not relate back because it is clear that Plaintiff knew of Officer Bowes' identity at the time he filed his

Complaint and chose not to name him.  (*See* Doc. 107-1, stating, "Inmate Stawarz, you authored grievance number 888382 on September 8, 2020" reporting that "Officer K. Bowes assaulted you with OC on September 01, 2020.")  The law is clear that in such cases, an amended complaint will not relate back.  *Garvin*, 354 F.3d 215. 221 (3d Cir. 2003).

Turning to the second requirement, Rule 15(c) provides that within the time period provided in Rule 4(m), the party or parties to be added must have received notice of the institution of the suit such that they would not be prejudiced in maintaining a defense.  Fed. R. 15(c).  With respect to this notice requirement, Rule 15(c)(3) notice does not require actual service of process on the party sought to be added, rather notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.  *See Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir.1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where

16

he worked and an "unknown employee" as a defendant, which he knew referred to him). At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. *See Bechtel v. Robinson*, 886 F.2d 644, 652 n. 12 (3d Cir. 1989).

Again, we note that while Plaintiff has advanced no arguments with respect to any of the requirements for relation back, we will consider whether the required notice could be imputed through the "identity of interest" method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001) (citing 6A Charles A. Wright et al., *Federal Practice And Procedure* § 1499, at 146 (2d ed. 1990)).

In *Singletary*, the Third Circuit held that a non-management level employee's position alone at a corrections facility could not serve as a basis for finding an identity of interest. 266 F.3d 186, 199 (3d Cir. 2001). In that case, the newly named defendant was a staff level employee. (*Id*.). The Court held that he was not high enough "in the

17

prison hierarchy" to conclude that his interests as an employee were identical to the prison's interests." (*Id*.). Further, the Court explained that circumstances present in other cases where identity of interest was found were not present. (*Id*.). Specifically, unlike in *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8 (1st Cir. 1990), the plaintiff did not allege that the newly named defendant prison employee continued to have close contact with the plaintiff such that notice could be presumed. *Id*. at 199. Similarly, the Court noted that in *Jacobson v. Osborne*, 133 F.3d 315 (5th Cir. 1998), a key fact for the court was that the same City Attorney would likely have interviewed the newly named defendants soon after the lawsuit was filed, thus giving the defendants sufficient notice of the lawsuit within the period prescribed by Rule 4(m). *Id*. But in *Singletary*, the Third Circuit observed that the case was initially filed in the Eastern District of Pennsylvania and later transferred to the Middle District of Pennsylvania, where a new attorney from the Attorney General's office began representing defendants after the time set forth in Rule 4(m) expired. *Id*.

Here, Plaintiff has made no argument that the newly identified proposed defendants are in management level positions that would

18

have afforded them notice, nor does he allege that these individuals remained in close contact with Plaintiff. (*See generally*, Doc. 107). In fact, other than Officer Bowes, Plaintiff provides no details about any of the newly identified proposed defendants. And as was the case in *Singletary*, this case was initially filed in a different district, the Western District of Pennsylvania. (*See* Doc. 1). Six months later – well beyond the 90-day period contemplated by Rule 4(m) – the case was transferred to the Middle District. (*See* Doc. 8). Counsel from the Attorney General's Office who initially entered his appearance in March 2021 does not appear on any pleadings filed after the case was transferred to the Middle District. Thus, as was the case in *Singletary*, the rationales for application of the identity of interest method present in *Ayala Serrano* and *Jacobson* are not present here.

In the absence of any facts by Plaintiff asserting that the newly identified proposed defendants had actual notice of the Complaint or any facts suggesting notice should be imputed to them, we are unable to determine that the newly identified proposed defendants had notice to satisfy Rule 15(c)(3).

We further observe that "The Third Circuit has noted . . . that notice and absence of prejudice are two separate elements of Rule 15(c)'s second prong, 'each of which must be satisfied' for relation back to occur." *Gayle v. Lamont*, No. 09-1290, 2013 WL 102660, at \*10 (E.D. Pa. Jan. 9, 2013) (quoting *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996)). "The 'prejudice' to which the Rule refers is that suffered by one who for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." *Garvin*, 345 F.3d at 200 n.6. Prejudice has been found where newly identified defendants would be "forced to defend against factual allegations regarding an incident that took place over three and a half years earlier." *Jeremiah v. Kovach*, No. 1:20-cv-01915, 2023 WL 8238686, \*5 (M.D. Pa. Aug. 4, 2023).

Here, the allegations in Plaintiff's Complaint regarding the John Doe defendants occurred in June and September 2020, over five years ago. (*See* Doc. 1). Accordingly, we must also find prejudice based upon the significant delay in time that has transpired since the incidents giving rise to the claims. Accordingly, we are unable to determine that Plaintiff can satisfy the second requirement for relation back.

Because we are unable to conclude that the newly identified proposed defendants had notice and because we must conclude that they would be prejudiced if they were required to defendant against claims based upon incidents that occurred more than five years ago, we find that an amended pleading including these individuals would not relate back.  Therefore, any such amendment would be futile.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Reconsideration of the Court's Order dismissing the John Doe defendants will be **DENIED.**

**Dated: October 9, 2025**          **/s/ Leo A. Latella**
                                             **LEO A. LATELLA**
                                             **United States Magistrate Judge**